**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| ANGEL ADALBERTO ALANIS JR | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:26-cv-0100 |
| | § | |
| PABLO RAMIREZ, et al | § | |
| Defendants. | § | |

**HIDALGO COUNTY DISTRICT ATTORNEY TERRY PALACIOS'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT DUE TO LACK OF SUBJECT MATTER
JURISDICTION OR ALTERNATIVELY FOR FAILURE TO STATE A
<u>CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Defendants Hidalgo County District Attorney Toribio "Terry" Palacios (in his official capacity) respectfully file this Motion to Dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because this motion has been timely filed, the deadline for Defendant's answer to Plaintiff's complaint is tolled until 14 days after the court rules on this motion, pursuant to Rule 12(a)(4) of the Federal Rule of Civil Procedure. In support of this motion, Defendants would show the court the following:

## I.    INTRODUCTION

**A. Identification of Parties**

1. Plaintiff's First Amended Complaint was filed on March 6, 2026 and alleges civil rights violations along with state law tort claims and seeks redress under 42 U.S.C. §1983 and Texas Law.

2. Plaintiff names Hidalgo County Criminal District Attorney Terry Palacios (in his official capacity) and three unknown Assistant District Attorneys for Hidalgo County as Defendants. All

1

references to "Defendants" or "Prosecutor Defendants" in this motion refer to Hidalgo County District Attorney Terry Palacios and any Assistant District Attorney. ECF 10 at 5, 7.

3.     Defendant Terry Palacios asserts that Plaintiff's reference to unidentified Assistant District Attorney is improper given that the statute of limitations has expired. *See* Section II, *infra.* The Fifth Circuit has endorsed the proposition: "[A]n amendment to substitute a named party for a 'John Doe' defendant...should not be allowed" to "relate back" under Federal Rule of Civil Procedure Rule 15(c)(3). *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). *See also* as persuasive authority unreported case of *Nicholas Heckford v. City of Pasadena*, 2021 WL 2517405 (S.D. Tex. 2021). Tolling of the statute of limitations is inapplicable to Plaintiff's unidentified Assistant District Attorney if the real defendant's name is substituted after the statute of limitations. *Balle v. Nueces County*, 952 F.3d 552 (5th Cir. 2017).

4.     Finally, Plaintiff names Officer Pablo Ramirez and Investigator Leonel Cantu Jr., both with the Weslaco Police Department, as Defendants in their individual capacities. ECF 10 at 5.

**B. Factual Allegations**

5.     Plaintiff generally complains about a Weslaco Police Officer's traffic stop and corresponding criminal charges that have been dismissed by the Hidalgo County District Attorney's office. Plaintiff's 42 U.S.C. § 1983 claim purportedly arises from fabricated police reports and sworn charging documents, fabricated criminal charges, and a malicious prosecution conducted by the Weslaco Police Department and assistant district attorneys of the Hidalgo County District Attorney's Office. ECF 10 at 4. Plaintiff alleges that on September 22, 2022, Weslaco Police Officer Pablo Ramirez initiated a traffic stop for unsafe lane change of Plaintiff in Hidalgo County Texas. ECF 10 at 4, 8. Plaintiff complains that the traffic stop was unlawful. ECF 10 at 3, 8-11.

6.    Investigator Cantu allegedly incorporated into a sworn criminal complaint and affidavit evidence that had been fabricated by Officer Ramirez.  ECF 10 at 4.  Plaintiff proposes that the officer's own dashcam video and audio contradict the fabricated evidence that made it to the Investigator Cantu's affidavit.  ECF 10 at 4.  Plaintiff asserts that as a result of this unlawful stop, Officer Ramirez found and seized a large number of controlled-substance pills, including but not limited to, clonazepam and 177 pills confirmed as methylphenidate. ECF 10 at 4-5.  Plaintiff claims that the Hidalgo County District Attorney's Office filed fabricated felony and misdemeanor charges against Plaintiff which the District Attorney's Office subsequently dismissed.  ECF 10 at 5.

7.    While the Plaintiff was searching for his driver's license photo on his cell phone, Plaintiff admittedly told Officer Ramirez that he and his passengers were vaping cannabinoids-containing Delta-8 and Delta 11 cartridges.  ECF 10 at 9.  Plaintiff consented to Officer Ramirez's request to search the vehicle.  ECF 10 at 10.  This consensual search of Plaintiff's vehicle yielded four controlled substance packages in a backpack containing central nervous system stimulant pills.  ECF 10 at 10.  The packages each bore a handwritten marker label identifying Adderall (177 pills), Vyvanse (54 pills), Clonazepam (101 pills), and Xanax (30 pills).  ECF 10 at 10.  Plaintiff admits to ownership of these controlled substances.  ECF 10 at 10.  Plaintiff claims he presented Officer Ramirez with a prescription for these handwritten labeled substances, yet also states he purchased these pills in Mexico.  ECF 10 at 10, 17.  Officer Ramirez allegedly disregarded the prescription and left it in Plaintiff's car.  ECF 10 at 10.  Officer Ramirez arrested Plaintiff who was detained at the Weslaco City Jail.  ECF 10 at 11.

8.    Plaintiff asserts that Officer Ramirez's narrative report of the traffic stop and Investigator Leonel Cantu, Jr.'s sworn complaint contained materially false statements.  ECF 10 at 11-14.  In

addition, Plaintiff complains that the Weslaco Police Department did not submit all of the seized pills for testing with the DPS Crime Laboratory of the seized pills. ECF 10 at 15.

9.      Plaintiff complains against the Hidalgo County District Attorney's Office of two charges it filed against Plaintiff. ECF 10 at 15-25. On or about December 7, 2022, Plaintiff was charged with a misdemeanor offense for possession of clonazepam. ECF 10 at 16-17. Plaintiff alleges the District Attorney failed to observe that DPS did not confirm this substance through lab testing. ECF 10 at 17.

10.     Plaintiff also claims that a Hidalgo County Assistant District Attorney on or about July 2023 presented a felony indictment to the grand jury. The grand jury returned the indictment charging Plaintiff with a felony. ECF 10 at 15. Plaintiff asserts the felony charge is erroneous because the weight of the controlled substances in Plaintiff's possession did not constitute a felony charge. ECF 10 at 15-16. These charges initially were dismissed as part of a plea agreement wherein Plaintiff pleaded guilty to assault charges. ECF 10 at 17-18. However, that assault charge subsequently was vacated via Court order thereby nullifying the plea agreement. ECF 10 at 18. On January 8, 2026, Plaintiff is re-indicted on felony charges of possession with correct weight of the controlled substances and with the intent to distribute. ECF 10 at 19-20. This re-indicted charge was dismissed by the District Attorney's Office on March 2, 2026. ECF 10 at 20-21. Plaintiff complains of the above errors allegedly committed by the District Attorney's Office. ECF 10 at 21-29.

**C. Standard of Review**

11.     In ruling on a motion to dismiss for failure to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In Re Katrina*

*Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Courts have held that "[t]o pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 555-56. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[C]onversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Twombly*, 550 U.S. at 558 (internal quotations omitted). Such an evaluation should be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Because the facts alleged in the complaint fail to support a reasonable inference of liability, Defendants are entitled to dismissal of Plaintiff's complaint.

## II. PLAINTIFF'S CLAIMS ARE UNTIMELY

12.     Plaintiff's claims should be dismissed because his lawsuit is untimely. Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to the defense appear "on the face of the complaint" *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to

raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cited in King-White v. Humble Independent School District*, 803 F.3d 754 (5th Cir. 2015).

13.    The statute of limitations for a claim under §1983 is the state's statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 241 (1989). The personal injury statute of limitations in Texas is two years. Tex. Civ. Prac. & Rem. Code §16.003. In a claim for malicious prosecution, the cause of action accrues when criminal proceedings are concluded in the plaintiff's favor. *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018). Plaintiff alleges here that his criminal charges were dismissed on January 29, 2024. ECF 10 at 7. The statute of limitations ran on January 29, 2026, but Plaintiff's Original Complaint was not filed until February 26, 2026. ECF 1.

14.    Plaintiff argues that the statute of limitations was tolled by the discovery rule, or alternatively, due to fraudulent concealment. ECF 10 at 7. However, his complaint does not support his tolling argument. Plaintiff appears to base his tolling argument on the claim that he did not have subjective knowledge of the allegedly unlawful actions by Defendants until January 8, 2026, when he reviewed the case file provided by his former defense attorney. ECF 10 at 25-26. However, both the facts as presented by Plaintiff and relevant Fifth Circuit precedent foreclose this argument.

15.    Because Plaintiff's claims are governed by the Texas statute of limitations for personal injuries, Texas equitable tolling principles also apply. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Under Texas law, the "discovery rule" defers accrual of the cause of action only in those "rare cases" in which "the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Childs v. Haussecker*, 974 S.W.2d 31, 36-37 (Tex. 1998). In those cases, the cause of action accrues when a plaintiff knows or reasonably should have known of the injury. *Id*. This rule is typically applied to latent injuries, such as mesothelioma caused by exposure

to asbestos, rather than constitutional injuries of the sort complained about by Plaintiff. *Simon v. Roche Diagnostics Corp.*, 851 Fed. Appx. 533, 535 (5th Cir. 2021). Plaintiff's complained-of injuries in the present case are his allegedly unlawful prosecution, of which he was aware at the time charges were filed, well in advance of the accrual date of January 29, 2024. The Fifth Circuit has rejected the argument that the statue of limitations does not begin to run until the plaintiff learns that the defendant's conduct was wrongful. *Brown v. Walraven*, 9 F.3d 1546, 1993 WL 503349 at *3 (5th Cir. Nov17, 1993), *citing Longoria v. City of Bay City, Tex.*, 779 F.2d 1136, 1139 (5th Cir. 1986).

16.    Even more fatal to his tolling argument is the fact that Plaintiff's attorney was provided with full discovery in his criminal case, including copies of the offense reports and DPS lab report. ECF 10 at 25. Under Texas law, "knowledge or notice to an attorney, acquired during the existence of the attorney-client relationship and while acting within the scope of his authority, is imputed to the client." *Leher v. Zwernemann*, 14 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see also Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 584 (Tex. 2006). Full knowledge of the contents of the offense reports, dash camera recording, and DPS lab report can therefore be imputed to Plaintiff from the date his criminal defense attorney received the discovery, well before the dismissal of charges and the accrual of his cause of action. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1998). Neither any failure by Plaintiff's attorney to inform him of the alleged deficiencies in the charges against him, nor his delay in requesting a copy of the case file, nor his further delay in reviewing the contents of said file can be fairly charged to Defendants.

ECF 10 at 25-26. Plaintiff has therefore failed to allege facts supporting his equitable tolling argument, and his claims are barred by the statute of limitations.

### III.   PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE SUBJECT TO DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

**A. Defendant Terry Palacios is Entitled to Sovereign Immunity in His Official Capacity**

17.   Defendant Palacios, sued in his official capacity as the Hidalgo County District Attorney, is a state official entitled to Eleventh Amendment and sovereign immunity from suit. Plaintiff's allegations do not provide any basis to assert, with respect to Defendant Palacios, the *Ex parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor can Plaintiff make any such proper allegation. Plaintiff's claims against Defendant Palacios in his official capacity should therefore be dismissed for lack of subject matter jurisdiction.

18.   Defendant Palacios occupies a constitutionally established position within the Judicial Department of the State of Texas. *See* Tex. Const. art. V, sec. 21; Tex. Cod of Crim. Proc. Art. 2.01 (providing that each district attorney shall represent the State in all criminal cases in the district courts of their district); Tex. Gov't Code sec. 44.208 (providing that the criminal district attorney of Hidalgo County shall perform the duties of district attorney in all the judicial districts in Hidalgo County). When acting in the prosecutorial capacity to enforce state law, a district attorney is a state official, not an official of the county in which the case happens to be prosecuted. *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). As a State of Texas official, Defendant Palacios is generally entitled to sovereign immunity from suit. The Eleventh Amendment generally precludes suits against state officials in their official capacities. *Tex. Democratic Party v. Abbott*,

961 F.3d 389, 400 (5th Cir. 2020). The Fifth Circuit has consistently held that Texas district attorneys are protected by Eleventh Amendment immunity in bringing criminal charges. *See e.g., Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024), *Quiroz v. Hernandez*, 167 F.4th 254 (5th Cir. 2025).

19.     There are three exceptions to the Eleventh Amendment's broad grant of immunity that allow for suits against states, state agencies, and state officials in federal court: (1) clearly stated waiver or consent to suit by the state; (2) valid abrogation by Congress; or (3) a state official's amenity to suit under the *Ex parte Young* doctrine. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Ex parte Young*, 209 U.S. 123 (1908). A state may explicitly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to be "certain that the State in fact consents to suit." *Sossamon v. Texas, et al.*, 563 U.S. 277, 284 (2011). Second, Congress may abrogate sovereign immunity through a clear expression of the intent to do so when it acts "pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). Third, the equitable doctrine of *Ex parte Young* provides an "exception to Eleventh Amendment sovereign immunity" in the subset of cases to which it applies. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

20.     Neither the State of Texas nor Defendant Palacios has waived his sovereign immunity from suit, and Plaintiff does not allege that Congress has abrogated immunity from Plaintiff's claims. The Supreme Court has held that §1983 did not abrogate states' Eleventh Amendment Immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This leaves only *Ex parte Young* as a possible avenue for Plaintiff to overcome Defendant Palacios' sovereign immunity. However, Plaintiff's claims do

not meet the requirements of the *Ex parte Young* exception because Plaintiff does not seek primarily prospective relief to remedy an ongoing violation of federal law.

21.    At its core, Plaintiff's case seeks redress for past wrongs. Plaintiff complains that he was injured by the Prosecutor Defendants when the Hidalgo County District Attorney's Office presented his case to the grand jury for indictment. Federal courts have consistently rejected claims for equitable relief by former criminal defendants based upon alleged unconstitutional conduct by the criminal justice system. *See, e.g. City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (dismissing on standing grounds plaintiff's claims for injunctive relief based upon police officers' use of chokehold in prior arrest); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283 (5th Cir. 1992) (dismissing on standing grounds claims for prospective relief by former prospective juror who was jailed for contempt after refusing on religious grounds to swear or affirm to tell the truth during voir dire); *Williams v. Davis*, 2023 WL 119452 (5th Cir. Jan 6, 2023) (dismissing on standing and Eleventh Amendment grounds claims by protestors who were tear gassed attempting to pass through a police barricade).    Because Plaintiff's claims are fundamentally an attempt to compensate him from alleged past wrongs, rather than seeking to end a continuing violation of federal law, his suit is barred by the Eleventh Amendment. The Supreme Court has held:

> Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.
>
> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true if the relief is expressly denominated as damages. It is also true if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else. On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

*Papasan v. Allain*, 478 U.S. 265, 278 (1986) (internal quotations and citations omitted). The criminal prosecution of which Plaintiff complains ended when the charges were dismissed on January 29, 2024, pursuant to Plaintiff's plea bargain in an unrelated case. ECF 10 at 5. Therefore, there is no *ongoing* violation of federal law of which he can complain. Plaintiff's claims for prospective relief are analogous to those of other criminal defendants complaining of alleged constitutional violations and should be dismissed pursuant to the immunity conferred by the Eleventh Amendment.

**B. Defendant Terry Palacios (in his official capacity) Is Not a "Person" Subject to Suit under 42 U.S.C. §1983.**

22.     Plaintiff asserts claims against Defendant Palacios in his official capacity under 42 U.S.C. §1983 pursuant to the theory of municipal liability. These claims fail because Defendant Palacios is a state official and therefore not a "person" for purposes of §1983.

23.     Congress enacted the provision now codified at 42 U.S.C. §1983 as part of the Civil Rights Act of 1871. It imposes liability on any *person* who, under color of state law, deprives a person within the jurisdiction of the United States of their constitutional rights. Obviously, Defendant Palacios is literally a person. However, a suit against a government official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Brandon v. Hold*, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

24.     The Supreme Court first held that a local governmental body can be a "person" subject to liability under §1983 in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To hold a local governmental body liable under the *Monell* framework, a plaintiff must point to a policy of

the municipality which was a "moving force" behind the deprivation of the plaintiff's federally-protected rights. *Kentucky v. Graham*, 473 U.S. at 166. In alleging municipal liability against Defendant Palacios, Plaintiff fails to state a claim upon which relief can be granted for a simple reason: under Texas law, a District Attorney is a *state* official, and *Monell* only extends liability under §1983 to *local* governmental bodies.

25.     A decade after *Monell*, the Supreme Court clarified the scope of its ruling, holding that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). The Fifth Circuit has held that §1983 litigation "requires us to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims." *Daves v. Dallas County, Texas*, 22 F.4th 522, 533 (5th Cir. 2022). This is determined by looking to state law. "For purposes of Section 1983 personhood, it is state law that determines whether an official with final policymaking authority as to the specific function involved in the litigation is acting for a local governmental unit or the state." *Id.* Texas law and binding precedent clearly establish that district attorneys act as agents of the state in carrying out their prosecutorial functions. *See* paragraph 11, *supra*. In *Arnone v. County of Dallas County, Texas*, the Fifth Circuit held that the Dallas County district attorney was acting as a policymaker for the state, not the county, when establishing a policy to seek revocation of probation if certain criminal defendants failed a polygraph test. 29 F.4th 262, 269-70 (5th Cir. 2022). The court stated:

> Texas law therefore points one way in this case: district attorneys act for the state when they decide to seek revocation of probation or deferred adjudication. A policy governing when to exercise that power in the future . . . is inextricably tied to that use of state power . . . Therefore, the Dallas County district attorney acted as a *state* policymaker when he decided or acquiesced to the polygraph policy in this case.

*Id*.

12

26.     The reasoning of *Arnone* is equally applicable in the present case. The decision whether to initiate criminal charges against a defendant is no less an exercise of state power than is the decision to seek to revoke a defendant's probation. The district attorney acts for the state in prosecuting criminal cases. Tex. Code Crim. Pro. Art. 2A.102. And the district attorney's "promulgating or acquiescing to a policy governing future uses" of the power to prosecute cases "is inextricably linked with his power . . . in individual cases." *Arnone* at 270. Plaintiff claims that his rights were violated as a result of policies and customs of the Hidalgo County District Attorney's Office. ECF 10 at 41. Even accepting his claims as true, Plaintiff fails to state a claim upon which relief can be granted because Defendant Palacios in his official capacity is a state official under Texas law and binding precedent, and is therefore not a "person" for purposes of §1983.

## IV.     PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS ARE SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM

### A. Prosecutor Defendants Are Entitled to Absolute Prosecutorial Immunity

27.     Defendant Terry Palacios presents this argument pursuant to his authority under Texas Local Government Code section 157.901, and without regard to the identity of the Assistant District Attorney in question.

28.     It is well-established that prosecutors are absolutely immune from liability under §1983 for actions undertaken within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Under the common law, this immunity extended to actions taken maliciously and in the absence of probable cause. *Id*. at 422; *see also Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (per curiam). In *Imbler*, the Supreme Court held that the immunity provided to prosecutors under §1983 was the same as that enjoyed at common law. *Id.* at 427. Subsequent case law has

sought to prescribe the precise outlines of that immunity. *See e.g., Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Plaintiff attempts to characterize prosecutor's actions as "falsification of evidence" entitled to qualified immunity only, but this is contrary to Fifth Circuit precedent. ECF 10 at 32-33.

29.     As early as *Imbler*, courts recognized that the duties for which a prosecutor receives absolute immunity begin before the filing of formal charges, and include decisions to initiate a prosecution. 424 U.S. at 421 ("The function of a prosecutor that most often invites a common-law tort action is his decision to initiate a prosecution, as this may lead to a suit for malicious prosecution if the State's case misfires."). In *Buckley*, the Supreme Court reiterated that "the duties of the prosecutor in his role as an advocate for the State involve actions apart from the courtroom, and are nonetheless entitled to absolute immunity." 509 U.S. at 272 (internal citations omitted). The Court emphasized that acts "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or trial" "include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury" are entitled to absolute immunity. *Id.* at 273. In contrast to these cases, when a prosecutor's actions are "intimately associated with the judicial phase of the criminal process," they are absolutely immune from suit for malicious prosecution, extending even to the knowing use of false testimony before the grand jury and at trial. *Burns v. Reed*, 500 U.S. 478, 485-86 (1991), *citing Imbler* at 421-424, 426, and 430.

30.     Plaintiff attempts to characterize Prosecutor Defendants' actions as "fabrication of evidence." However, this characterization misses the key difference between acts for which a prosecutor receives absolute immunity, and those which receive only qualified immunity. In *Kalina v. Fletcher*, the Supreme Court determined that a prosecutor was not entitled to absolute

immunity for attesting to the truth of facts contained a probable cause certification. 522 U.S. 118 (1997). However, the Court clarified that it was *only* in executing the certification "under penalty of perjury" that was beyond the scope of absolute immunity. *Id*. at 129. The prosecutor's "activities in connection with the filing of" the criminal information and motion for arrest warrant were held to fall within the scope of absolute prosecutorial immunity, as was the preparation and filing of the probable cause certification. *Id*. Likewise, in *Buckley v. Fitzsimmons*, prosecutors were denied absolute immunity for allegedly shopping for expert witnesses until they found one who would provide them with the opinion they sought, linking a suspect to a boot print found at the crime scene. 509 U.S. 259, 272 (1993). This action took place early in the investigative phase, well before the preparation of the case for presentation to a grand jury. *Id*. at 263.

31.     The allegedly unlawful actions by Prosecutor Defendants are exactly the kind which past decisions have held to fall within the bounds of a prosecutor's absolute immunity. When Plaintiff claims that a prosecutor "signed and filed a criminal complaint . . . without laboratory confirmation that the substance was a controlled substance," he is complaining of the prosecutor's "professional evaluation of the evidence assembled by the police." ECF 10 at 5; *see Buckley*, 509 U.S. at 273. And when Plaintiff claims that prosecutors presented indictments to the grand jury which were contrary to the DPS lab report results, he is complaining of the "manner of [the prosecutor's] presentation of evidence to the grand jury," which was immunized by *Imbler*. ECF 10 at 5; *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

32.     Because the actions of the Assistant District Attorney alleged by Plaintiff in his petition fall squarely within the scope of the attorney's prosecutorial duties, they are entitled to absolute prosecutorial immunity and Plaintiff's claims should be dismissed.

15

## V. CONCLUSION AND PRAYER FOR RELIEF

33.     As shown above, Prosecutor Defendants have set forth several bases upon which Plaintiff's Complaint fails to state a claim upon which relief may be granted or the court lacks jurisdiction over Plaintiff's claims. Each of these, standing alone, provides grounds for the court to dismiss Plaintiff's complaint. First, Plaintiff's claims are untimely. Second, Plaintiff's claims against Defendant Palacios in his official capacity are barred by the Eleventh Amendment. Third, Defendant Palacios is not a "person" subject to liability under §1983 when sued in his official capacity. Finally, the alleged actions of Prosecutor Defendants are protected by absolute prosecutorial immunity. Taken together, it is clear that Plaintiff's complaint fails to meet the minimal pleading standards of Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

THEREFORE, Prosecutor Defendants pray that this court dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and for any other relief to which Defendants may be entitled.

Respectfully submitted,

Office of Criminal District Attorney
**Toribio "Terry" Palacios**
100 N. Closner
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
(956)-292-7609 Telephone
(956)-292-7619 Facsimile

By: /s/ Leigh Ann Tognetti
    Leigh Ann Tognetti
    State Bar No. 24083579
    Federal ID No. 2817994
    leigh.tognetti@da.co.hidalgo.tx.us
    Raymond Benavides III

State Bar No. 00796192
Federal ID No. 346626
ray.benavides@da.co.hidalgo.tx.us
**ATTORNEYS FOR PROSECUTOR DEFENDANTS**


## CERTIFICATE OF SERVICE

On March 30, 2026, Defendants' Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system, which is intended to deliver notification of the filing to all counsel of record and parties.  A copy of Defendant's Motion to Dismiss was also sent by regular U.S. Mail and Certified Mail, return receipt requested, to all parties and their counsel of record.


/s/ Leigh Ann Tognetti
Leigh Ann Tognetti