Civil Action No. 7:26-cv-00100

United States District Court
Southern District of Texas
FILED

MAY 0 6 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**McALLEN DIVISION**

ANGEL ADALBERTO ALANIS, JR.,

    Plaintiff,

Civil Action No. 7:26-cv-00100

v.

PABLO RAMIREZ, et al.,

    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**

**DEFENDANT LEONEL CANTU, JR.'S MOTION TO DISMISS**

Plaintiff Angel Adalberto Alanis, Jr., proceeding pro se, respectfully opposes the Motion to Dismiss filed by Defendant Leonel Cantu, Jr. (ECF 29) and would show the Court the following:

## I. INTRODUCTION

Defendant Cantu's Motion is built on three failed strategies. First, it argues insufficient service while ignoring that the U.S. Marshals Service executed service on Cantu through his department, that Cantu personally received and acknowledged the summons by voicemail the same day service was effected, and that the proper remedy for any technical defect is cure under Rule 4(m), not outright dismissal. Second, it argues that all claims are time-barred under the two-year statute of limitations measured from September 2, 2022—an argument that ignores both *McDonough v. Smith*, 588 U.S. 109 (2019), and *Thompson v. Clark*, 596 U.S. 36 (2022), which fix accrual at favorable termination of the underlying criminal proceedings. Plaintiff's prosecution arising from the September 2, 2022 arrest—rooted at every step in Cantu's sworn affidavit—did not terminate

1

until March 2, 2026. Third, on the merits, the Motion does not engage the fifty-plus paragraphs of *Franks*-specific factual allegations in the Amended Complaint. Instead, it repeatedly substitutes Cantu's preferred narrative for Plaintiff's well-pleaded facts—going so far as to assert that "Ramirez and Cantu had probable cause" as a matter of fact "even if Alanis challenges the characterization," ECF 29 at 9 ¶ 4.11—a concession that disputed material facts exist and that this case cannot be resolved on the pleadings.

The Motion also fails to address *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019) (en banc), which forecloses Defendant's argument that no Fourteenth Amendment fabrication-of-evidence claim lies. It fails to address *Thompson v. Clark*, which forecloses Defendant's malicious-prosecution attack. And it ignores the central holding of *Franks v. Delaware*, 438 U.S. 154 (1978), which forecloses Defendant's argument that a sworn affiant who recklessly attests to another officer's unverified narrative escapes liability merely by pointing at the source. The Motion should be denied in its entirety.

## II. PROCEDURAL BACKGROUND

Plaintiff filed this action on February 26, 2026 (ECF 1) and the operative First Amended Complaint on March 6, 2026 (ECF 10). The Court granted Plaintiff in forma pauperis status and ordered service by the U.S. Marshals (ECF 11). The U.S. Marshals served Defendant Cantu on March 10, 2026, with the return of service marked "Executed" (ECF 17). Cantu's responsive pleading was due March 31, 2026. Cantu filed nothing by that deadline.

On April 3, 2026, Plaintiff filed a Request for Entry of Default against Cantu under Rule 55(a) (ECF 25). That request remains pending and Plaintiff respectfully maintains it.[1] Fourteen days later, on April 17, 2026—seventeen days past the answer deadline—Defendant filed the present Motion (ECF 29).

---

[1] Plaintiff's Rule 55(a) Request was filed before Defendant's Motion and the Clerk should have entered default ministerially upon Plaintiff's showing. *See* Fed. R. Civ. P. 55(a) (clerk "must enter the party's default" upon showing of failure to plead or otherwise defend). Plaintiff does not waive the request by filing this opposition and reserves all rights with respect to it.

2

Civil Action No. 7:26-cv-00100

## III. LEGAL STANDARD

### A. Rule 12(b)(5)

When a defendant challenges service of process under Rule 12(b)(5), the plaintiff bears the burden of establishing the validity of service. *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Plaintiff has met that burden here. The United States Marshals Service personally served Defendant Cantu's department [ECF 17], and Defendant Cantu personally acknowledged receipt of the summons by voicemail to Plaintiff (Plaintiff's Declaration, Exhibit A). Even were service technically defective—and it is not—Rule 4(m) requires the Court to extend time for service rather than dismiss. *See* Fed. R. Civ. P.(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)(per curiam) (district court must extend time under Rule 4(m) where plaintiff shows good cause).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint need contain only "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The Court does not weigh competing factual narratives, evaluate evidentiary support, or resolve disputed questions of fact at this stage. *Iqbal*, 556 U.S. at 678–79. A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

Civil Action No. 7:26-cv-00100

## IV. ARGUMENT

### A. Defendant Cantu Was Properly Served, and Any Technical Defect Should Be Cured Under Rule 4(m).

### 1. The U.S. Marshals Service executed service through Cantu's chain of command, and Cantu personally received and acknowledged the summons by voicemail on the same day.

Defendant's Motion treats service as if Plaintiff hand-delivered the summons to a random person on the street. The record reflects otherwise. The Court ordered service by the U.S. Marshals (ECF 11). On March 10, 2026, the Marshals delivered the summons to Captain Ted Welensky at the Weslaco Police Department. The return of service expressly states that "Service of summons was accepted by Captain Ted Walensky, who is authorized to accept service of process on behalf of the Weslaco Police Department and Defendant Leonel Cantu Jr." ECF 17. The return is marked "Executed."

That return establishes personal service on Defendant Cantu under Federal Rule of Civil Procedure 4(e)(2)(C), which authorizes service by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Captain Welensky is identified on the face of the return as the agent authorized to accept service for Defendant Cantu. A facially valid return of service by the United States Marshals is prima facie evidence of valid service, and Defendant has come forward with no evidence to the contrary. On the face of the record, service was complete on March 10, 2026.

Any residual doubt is dispelled by Defendant Cantu's own conduct. On the same day the Marshals effected service, Defendant Cantu personally telephoned Plaintiff and left a voicemail acknowledging that he had received the summons and complaint in this action. Plaintiff has preserved the audio of that voicemail. *See* Declaration of Angel Alanis, Jr., attached as Exhibit A. Cantu thus had actual personal notice of this action no later than March 10, 2026, and the full Rule 12 response window in which to answer or move to dismiss. He chose not to.

4

### 2. Even assuming arguendo that service was defective, the proper remedy is cure under Rule 4(m), not dismissal with prejudice.

Defendant's Motion asks for outright dismissal. ECF 29 at 5–6. That is not the remedy Rule 4(m) prescribes. Where service is found defective, the Court "must extend the time for service for an appropriate period" upon a showing of good cause; even absent good cause, the Court has discretionary power to extend. Fed. R. Civ. P. 4(m); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996); *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 325–26 (5th Cir. 2008). Pro se status combined with reliance on the Marshals to effect service supports good cause: "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir. 1987).

Plaintiff respectfully requests that, if the Court finds any defect in service, it order Plaintiff to perfect service within an appropriate period rather than dismiss the claims. The Marshals have already located Defendant. Defendant has appeared through counsel. There is no prejudice to Defendant and no efficient purpose served by dismissal.

### B. Plaintiff's Claims Are Timely. Cantu's Statute-of-Limitations Argument Ignores the Controlling Supreme Court Precedent.

### 1. Cantu's accrual analysis is wrong as a matter of law.

Defendant's entire limitations argument rests on the proposition that Plaintiff's claims accrued on September 3, 2022—the date of arraignment—and that the two-year limitations period therefore expired on September 3, 2024. ECF 29 at 6–7. That analysis is wrong on its face. It misidentifies the operative claims, and it ignores the two Supreme Court decisions that govern accrual for fabrication-of-evidence and malicious-prosecution claims under 42 U.S.C. § 1983.

Plaintiff's claims against Cantu are (1) fabrication of evidence under the Fourth and Fourteenth Amendments (Count I); (2) unlawful arrest under the Fourth Amendment (Count II); and

(3) malicious prosecution under the Fourth Amendment (Count VIII). For Counts I and VIII, the Supreme Court has expressly held that accrual occurs at favorable termination of the underlying criminal proceeding—not at the moment of arrest, arraignment, or detention.

*McDonough v. Smith*, 588 U.S. 109 (2019), holds that a § 1983 fabrication-of-evidence claim accrues only when the criminal proceedings against the plaintiff terminate in his favor. *Id.* at 112. The Court reasoned that a fabrication claim is most analogous to the common-law tort of malicious prosecution, which has always required favorable termination as a precondition to suit. *Id.* at 117–19. Earlier accrual would force plaintiffs into "parallel criminal and civil litigation over the same subject matter" and invite collateral attacks on pending criminal proceedings. *Id.* at 118.

*Thompson v. Clark*, 596 U.S. 36 (2022), confirms the same accrual rule for Fourth Amendment malicious-prosecution claims and holds that "favorable termination" is satisfied when "the criminal prosecution ended without a conviction"—without any requirement that the termination affirmatively indicate innocence. *Id.* at 49.

Defendant's Motion does not cite *McDonough*. It does not cite *Thompson*. It treats the Fourth Amendment fabrication and malicious-prosecution claims as if they were governed by *Wallace v. Kato*, 549 U.S. 384 (2007), the false-arrest case. *Wallace* expressly distinguished false-arrest claims from malicious-prosecution claims and noted the Court had "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983." *Id.* at 390 n.2. Those contours have since been explored—in *Thompson*—and they place accrual at favorable termination.

**2. Under the controlling rule, accrual is March 2, 2026—the favorable termination of the prosecution arising from the September 2, 2022 arrest.**

Plaintiff's prosecution arising from the September 2, 2022 arrest did not end on January 29, 2024. It ended on March 2, 2026, when the Hidalgo County District Attorney's Office dismissed the post-habeas reindictment for Possession with Intent to Deliver. Am. Compl. ¶ 85. Until that date, Plaintiff was actively being prosecuted—using the same evidence, arising from the same arrest, and resting on the same fabricated affidavit Defendant Cantu swore on September 2, 2022. Limitations

did not begin to run until that prosecution ended.

The chain is documented in Plaintiff's pleadings and in the State's own charging documents. The original indictment in CR-4168-23-H charged Plaintiff with felony possession of methylphenidate based on Cantu's affidavit. Am. Compl. ¶¶ 53–54. That charge was dismissed on January 29, 2024. *Id.* ¶ 64. After Plaintiff's plea was vacated as involuntary by writ of habeas corpus on December 17, 2025, the District Attorney's Office reindicted Plaintiff on January 8, 2026 for Possession with Intent to Deliver. *Id.* ¶ 76. The reindictment was supported by no new evidence; the case file contained the same evidence it had contained in 2023. *Id.* ¶¶ 78–79. The reindictment expressly invoked the prior charging instrument as the basis for tolling, alleging that "an indictment charging the above offense" was previously pending in CR-4168-23-H. *Id.* ¶ 81.

The State, in its own indictment, characterized the reindictment as a continuation of the same prosecution arising from the same arrest. The text of the indictment is dispositive on the continuity of the prosecution. The reindictment was dismissed on March 2, 2026. *Id.* ¶ 85.

The full prosecution arising from the September 2, 2022 arrest therefore did not terminate favorably until March 2, 2026. Limitations under *Thompson* and *McDonough* began to run on that date. Plaintiff filed this action on February 26, 2026—four days *before* the prosecution fully terminated, and well within the two-year limitations period thereafter. The claim is not late by 28 days, as Defendant's mistaken accrual date would suggest. It is timely by approximately two years.

The same-transaction principle is consistent with the doctrinal foundation of *McDonough*. Limitations is deferred precisely to "avoid[] parallel criminal and civil litigation over the same subject matter," *McDonough*, 588 U.S. at 118. While Plaintiff was being reindicted on January 8, 2026 for an offense arising from the same arrest, the same evidence, and the same Cantu-authored affidavit, he could not have prosecuted a fabrication-based § 1983 claim attacking that very affidavit without triggering the precise parallel-litigation problem *McDonough* sought to prevent. *See also Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994) (recognizing the importance of avoiding civil challenges that would impugn pending or extant criminal proceedings).

7

**3. Alternatively, Texas's fraudulent concealment doctrine tolls limitations on every claim.**

In the alternative, Plaintiff's claims against Defendant Cantu are tolled by the doctrine of fraudulent concealment. Under Texas law, "[f]raudulent concealment only tolls the running of limitations until the fraud is discovered or could have been discovered with reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011); *accord Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001); *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983). Defendant Cantu's sworn affidavit, replete with falsehoods directly contradicted by his own dashcam recording, was itself the instrument of concealment. Plaintiff could not have discovered the fabrications through reasonable diligence during the pendency of the criminal proceedings, when the affidavit stood as the sworn account of a peace officer. The fraud was revealed only when Plaintiff obtained and reviewed the dashcam footage in discovery.

Plaintiff pleaded the elements with particularity:

- Officer Ramirez prepared a narrative report containing materially false statements that "replaced the true account of the encounter with a fabricated account." Am. Compl. ¶ 99. The narrative was "internally consistent and facially plausible. Nothing in the written report indicated it was false." *Id.*

- Defendant Cantu incorporated those same fabrications into a sworn criminal complaint and affidavit for arrest warrant, attesting under oath to their truth. *Id.* ¶ 100.

- The dashcam recording—the only contemporaneous record that exposed the fabrications— was at all relevant times in the exclusive custody and control of the Weslaco Police Department. *Id.* ¶ 102.

- Plaintiff was represented by retained counsel during the criminal proceedings. *Id.* ¶ 105. Plaintiff was incarcerated from August 22, 2023 through January 29, 2024 in connection with an unrelated charge, during which time discovery materials were received only by counsel. *Id.* ¶ 106.

- Plaintiff first obtained the complete client file from former counsel on June 20, 2025— following the conclusion of his criminal representation. *Id.* ¶ 107.

- Even after obtaining the file, Plaintiff accepted Officer Ramirez's narrative report as accurate; the false statements were not detectable from the written report alone. *Id.* ¶ 108.

- Plaintiff did not discover the fabrications until after January 8, 2026, when the reindictment alleged a different weight than the original indictment, prompting Plaintiff to scrutinize the file, review the laboratory report, and review the dashcam recording. *Id.* ¶¶ 109–112.

Defendant Cantu's department maintained exclusive custody of the only evidence that could reveal the falsity of his sworn affidavit; he himself failed to review that evidence before swearing under oath; and the resulting fabricated record was facially internally consistent. A reasonably diligent plaintiff in Plaintiff's position—one who had personally experienced the encounter and accepted that the written report described what had happened—would not have suspected fabrication absent the contradictory reindictment that triggered scrutiny in 2026. Limitations on every claim was tolled at minimum until that date. Plaintiff filed suit within weeks.

## C. The Motion Repeatedly Substitutes Defendant's Factual Narrative for Plaintiff's Well-Pleaded Allegations, in Violation of the Rule 12(b)(6) Standard.

The Motion concedes the existence of a factual dispute and then asks the Court to resolve that dispute in Defendant's favor. That is not what Rule 12(b)(6) permits.

### 1. Defendant expressly concedes a factual dispute.

At paragraph 4.11 of his Motion, Defendant writes: "Ramirez and Cantu had probable cause to support the issuance of the warrant for Alanis' arrest, even if Alanis challenges the characterization of his actions and those of his passengers . . . ." ECF 29 at 9. The phrase "even if Alanis challenges" is dispositive at the Rule 12(b)(6) stage. Defendant is conceding that there is a challenge to the

factual predicates of the affidavit. He is then asking the Court to assume his version of those facts is correct in order to dismiss the claim.

That gets the standard exactly backwards. At Rule 12(b)(6), Plaintiff's allegations are accepted as true, and all reasonable inferences are drawn in his favor. *Iqbal*, 556 U.S. at 678. Where Plaintiff has alleged with specificity that the affidavit's factual statements are false—and where Defendant himself acknowledges Plaintiff is challenging the truth of those statements—the question of whether probable cause existed cannot be resolved on the pleadings. It must await discovery and, if appropriate, summary judgment or trial.

## 2. Defendant repeatedly mischaracterizes Plaintiff's specific factual allegations as a generalized "disagreement with characterization."

The Motion describes Plaintiff's claims as resting on "his disagreement with Inv. Cantu's characterization of his actions and the actions of his passengers." ECF 29 at 4 ¶ 3.01; *see also id.* at 8 ¶ 4.09. This is a deliberate softening of what was actually pleaded. Plaintiff did not allege a "disagreement." Plaintiff alleged that specific statements in the sworn affidavit were materially false and that the dashcam recording, which Cantu's department created and stored, contradicts those statements in every material respect. *See* Am. Compl. ¶¶ 31–45. Each false statement is identified by quotation. Each is matched to the specific contradictory dashcam evidence. Each material omission is identified.

Plaintiff's pleadings are not generalized "characterization" grievances. They are particularized *Franks* allegations: an officer-affiant swore under oath to facts that the affiant's own department's evidence shows are false. That distinction is not rhetorical. It is the difference between a claim that survives Rule 12(b)(6) and a claim that does not.

## 3. Defendant's references to evidence outside the pleadings are improper at this stage.

Defendant complains that Plaintiff's Amended Complaint "does not provide the entire report prepared by Ramirez or the dashcamera recording." ECF 29 at 4 ¶ 3.01. At Rule 12(b)(6), Plaintiff is

not required to attach evidentiary materials to his complaint. He is required to plead facts. He has done so. The proper time to test the evidentiary record is after discovery, not before it begins.

### D. The Amended Complaint Pleads a *Franks* Violation that Vitiates Probable Cause.

### 1. Plaintiff pleaded each element of a *Franks* claim with particularity.

Under *Franks v. Delaware*, 438 U.S. 154 (1978), a sworn affidavit supporting a warrant is invalid where (a) the affiant included false statements knowingly and intentionally or with reckless disregard for the truth, and (b) the false statements were necessary to the finding of probable cause. *Id.* at 155–56. The Fifth Circuit has extended *Franks* to material omissions: where an affiant intentionally or recklessly omits facts that are "clearly critical" to the probable cause determination, the same analysis applies. *Hale v. Fish*, 899 F.2d 390, 400 (5th Cir. 1990); *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980).

Plaintiff's Amended Complaint identifies four specific false statements in Cantu's sworn affidavit, each contradicted by the dashcam recording:

(1) "Angel refused to make any eye contact with Officer Ramirez." The dashcam shows Plaintiff making eye contact with Officer Ramirez through the side-view mirror during the conversation. Am. Compl. ¶ 36.

(2) "Ninfa was answering all the questions Officer Ramirez was asking Angel." The dashcam audio records Plaintiff personally answering every substantive question; the passenger gave one short response ("my house"). Am. Compl. ¶ 37.

(3) "Angel was very nervous." The dashcam audio records Plaintiff speaking calmly, engaging in small talk ("you having a good night"), and responding to all inquiries without audible distress. Am. Compl. ¶ 38.

(4) "[Angel] made a lot of furtive movements with his hands." The dashcam shows Plaintiff scrolling his phone—the activity Officer Ramirez had instructed him to perform. Officer

Ramirez made no contemporaneous comment about hand movements during the encounter. The phrase "furtive movements" appeared for the first time in the post-hoc written report. Am. Compl. ¶ 39.

The Amended Complaint also identifies material omissions: the entire smoke/vape exchange that Officer Ramirez initiated and during which he conceded the substance was not illegal; the drinking inquiry that Plaintiff twice denied; and Plaintiff's presentation of a prescription at the scene of the arrest. *Id.* ¶¶ 40–43.

**2. Excised of the false statements and restored of the omissions, the affidavit does not establish probable cause.**

The *Franks* test is mechanical: set aside the false material; restore the omitted material; ask whether what remains supports probable cause. *Franks*, 438 U.S. at 171–72; *Hale*, 899 F.2d at 400. Performing that test here yields what the dashcam shows: a calm, cooperative driver who made eye contact, answered every question, identified his vape substance as legal, denied alcohol consumption, consented to a vehicle search, and presented a prescription for the seized pills. Am. Compl. ¶ 45. That record does not establish probable cause for the offenses charged.

At the Rule 12(b)(6) stage, the Court takes Plaintiff's allegations as true. The allegations describe a textbook *Franks* violation. The probable-cause inquiry cannot be resolved against Plaintiff on the pleadings.

**E. Defendant's Status as the Sworn Affiant Forecloses His "I Just Relied on Ramirez" Defense.**

Defendant's Motion repeatedly suggests that Cantu cannot be liable because he merely "relied on Officer Ramirez's arrest report." ECF 29 at 2, 8. That is not the law.

*Franks v. Delaware* expressly anticipated this argument and rejected it: "police could not insulate one officer's deliberate misstatement merely by relaying it through an officer-affiant personally ignorant of its falsity." *Franks*, 438 U.S. at 163–64 n.6. The deliberate falsity or reckless

disregard that the Fourth Amendment punishes "is only that of the affiant." *Id.* at 171. Cantu was the affiant. He attested under oath that he had "reason to believe and did believe" the facts in the criminal complaint and affidavit. Am. Compl. ¶ 32. He did so without reviewing the dashcam recording—the single piece of evidence that would have revealed the fabrications, stored on his own department's systems, and available to him on demand. *Id.* ¶¶ 34, 102. He vouched for Officer Ramirez's credibility and directed the magistrate to rely on the attached fabricated reports. *Id.* ¶ 35.

The Fifth Circuit has also held that recklessness can be inferred directly from omission of facts "clearly critical" to a probable cause finding. *Hale*, 899 F.2d at 400. A sworn affiant who vouches for the accuracy of facts reported by a colleague—without reviewing the readily available evidence that would expose those facts as false—has acted with reckless disregard for the truth. That is the textbook *Franks* violation, and that is precisely what Plaintiff has pleaded.

## F. The Fifth Circuit Recognizes a Fourteenth Amendment Fabrication-of-Evidence Claim.

Defendant argues that Plaintiff cannot pursue a Fourteenth Amendment claim arising from his arrest, citing *Albright v. Oliver*, 510 U.S. 266 (1994), and *Manuel v. City of Joliet*, 580 U.S. 357 (2017), for the proposition that the Fourth Amendment is the exclusive vehicle for an unlawful-arrest claim. ECF 29 at 10. Defendant misreads Plaintiff's pleadings. Plaintiff invokes the Fourteenth Amendment in Count I (Fabrication of Evidence) only—not in Count II (Unlawful Arrest), which is pleaded under the Fourth Amendment alone. Am. Compl. ¶¶ 124, 129.

The Fifth Circuit, sitting en banc, has expressly recognized a Fourteenth Amendment substantive due process claim where officers fabricate evidence to support a false charge. *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019) (en banc). The en banc court affirmed denial of the motion to dismiss the Fourteenth Amendment false-charge claim grounded in officers' fabrication of evidence. *Cole*, 935 F.3d at 447.

Defendant's Motion does not cite *Cole*. It does not engage *Cole*. It is impossible to evaluate Plaintiff's Fourteenth Amendment fabrication claim without reference to the controlling Fifth

13

Circuit en banc precedent on that exact claim. The omission is dispositive: *Cole* forecloses Defendant's argument.

## G. The Malicious Prosecution Claim Is Fully Pleaded Under Each Element Required by *Thompson v. Clark.*

Defendant lists the elements of a § 1983 malicious prosecution claim and asserts, without engagement, that Plaintiff has not pleaded probable cause or malice. ECF 29 at 9. The elements as Defendant recites them—commencement of a criminal proceeding, legal causation by defendant, favorable termination, absence of probable cause, malice, and damages—are correct. Plaintiff has pleaded each.

**Commencement and continuance.** Cantu's sworn criminal complaint and affidavit for arrest warrant initiated the criminal proceedings against Plaintiff. Am. Compl. ¶¶ 32, 35, 188. Cantu's affidavit was the foundational sworn document for the original 2022–2024 prosecution and remained the foundational sworn document supporting the post-habeas reindictment in 2026. *Id.* ¶¶ 76–82.

**Legal causation.** But for Cantu's sworn fabrication, no warrant would have issued, no arrest would have occurred, and no charges would have been filed or maintained. *Id.* ¶ 189. The fabricated affidavit was the proximate cause of every prosecution arising from the September 2, 2022 arrest.

**Favorable termination.** Under *Thompson v. Clark*, 596 U.S. at 49, favorable termination requires only that the prosecution ended without a conviction. Plaintiff has pleaded multiple favorable terminations: dismissal of the original methylphenidate felony and the clonazepam misdemeanor on January 29, 2024; vacatur of Plaintiff's deferred adjudication plea on December 17, 2025; and dismissal of the post-habeas reindictment on March 2, 2026. Am. Compl. ¶¶ 64–65, 68, 85.

**Absence of probable cause.** Plaintiff pleaded specific false statements and material omissions in the affidavit. Excise the falsehoods, restore the omissions, and the remaining record does

not support probable cause. *See* § IV.D, above; Am. Compl. ¶ 45.

Moreover, even if the Court were to find probable cause existed as to one charge arising from the arrest, that would not defeat the malicious-prosecution claim as to any charge that lacked probable cause. The Supreme Court held in *Chiaverini v. City of Napoleon*, 601 U.S. 380 (2024), that a plaintiff may maintain a Fourth Amendment malicious-prosecution claim as to a charge un-supported by probable cause even when other charges arising from the same arrest were supported by probable cause. *Id.* at 387–88. Defendant's invocation of the "any charge" doctrine, ECF 29 at 9 ¶ 4.08, is foreclosed.

**Malice.** Where a sworn affiant attests under oath to facts that he has not verified and that are contradicted by readily available evidence in his own department's custody, the inference of malice is permissible at the pleading stage. The deliberate or reckless use of fabricated evidence to obtain a warrant is itself the form of conduct that defeats any claim of innocent or good-faith motive. Plaintiff alleges that Cantu swore under oath to facts contradicted in every material respect by readily available evidence in his own department's custody, and did so without reviewing that evidence. Am. Compl. ¶¶ 32–35, 100–102.

**Damages.** Plaintiff was arrested and detained at the Weslaco City Jail, required to post a $50,000 bond, had his vehicle towed and impounded, and was subjected to ongoing prosecution from September 2022 through March 2026. He was rearrested upon return of the post-habeas reindictment in January 2026. Am. Compl. ¶¶ 30, 84, 128.

Each element is pleaded. Defendant's argument on this claim is not that the elements are missing; it is that the Court should disbelieve Plaintiff's allegations and credit Defendant's instead. That argument fails at Rule 12(b)(6).

## H. Qualified Immunity Is Foreclosed by Clearly Established Law.

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). To defeat the defense at the pleading stage, a plaintiff must allege facts showing (1) a violation of a constitutional right, and (2) that the right

15

was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Both prongs are met.

### 1. Cantu's alleged conduct violates the Fourth and Fourteenth Amendments.

Plaintiff has pleaded that Cantu swore under oath to facts in a criminal complaint and arrest warrant affidavit that are contradicted in every material respect by the dashcam recording stored on his own department's systems, and that Cantu did so without reviewing that evidence. Am. Compl. ¶¶ 31–45, 99–102, 122. That conduct, taken as true, violates the Fourth Amendment under *Franks v. Delaware* and the Fourteenth Amendment under *Cole v. Carson*.

### 2. The right was clearly established no later than 1978.

The right to be free from arrest and prosecution based on knowing or reckless fabrications in a sworn affidavit was clearly established by *Franks v. Delaware* in 1978—more than four decades before Cantu swore the affidavit at issue. The principle that an affiant cannot insulate himself by relaying another officer's false statements without verification was articulated in *Franks* itself, 438 U.S. at 163–64 n.6. The Fifth Circuit has reaffirmed and applied this principle for decades. *See, e.g., Hale v. Fish*, 899 F.2d at 400; *United States v. Martin*, 615 F.2d at 329. The right to be free from prosecution based on deliberately fabricated evidence under the Fourteenth Amendment was clearly established in this Circuit by *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019) (en banc), well before the 2026 reindictment that prolonged the prosecution against Plaintiff.

Defendant offers no reason to believe a reasonable officer in his position would not have understood that swearing under oath to facts he had not verified, and which were contradicted by his own department's recording, was unlawful. The qualified immunity defense fails at this stage.

### V. CONCLUSION

Defendant Cantu's Motion ignores the controlling Supreme Court decisions on accrual (*McDonough, Thompson*), ignores the controlling Fifth Circuit en banc decision on Fourteenth Amendment fab-

16

rication claims (*Cole*), ignores the central holding of *Franks* on sworn-affiant liability, substitutes Defendant's preferred narrative for Plaintiff's well-pleaded allegations, and asks for outright dismissal where Rule 4(m) at most authorizes a cure. The Motion should be denied in its entirety.

Plaintiff respectfully requests that the Court (1) deny the Motion to Dismiss in full; (2) in the alternative, if any defect in service is found, order Plaintiff to perfect service within an appropriate period under Rule 4(m); (3) in the alternative, if the Court finds any deficiency in Plaintiff's pleadings, grant leave to amend under Rule 15(a)(2); and (4) grant such further relief as the Court deems just and proper.

Respectfully submitted,

Angel Adalberto Alanis, Jr.

1107 N. Bethel Street

Roma, TX 78584

(956) 379-8874

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on _____May 6_____, 2026, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant Leonel Cantu, Jr.'s Motion to Dismiss was served on counsel of record for all appearing Defendants via the Court's CM/ECF system.

Angel Adalberto Alanis, Jr.

17

# EXHIBIT A

Declaration of Angel Adalberto Alanis, Jr.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

ANGEL ADALBERTO ALANIS, JR.,

     Plaintiff,

                                    Civil Action No. 7:26-cv-00100

v.


PABLO RAMIREZ, et al.,

     Defendants.


## DECLARATION OF ANGEL ADALBERTO ALANIS, JR.
## IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT CANTU'S MOTION TO DISMISS


I, Angel Adalberto Alanis, Jr., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in the above-captioned action. I am over the age of eighteen and competent to make this declaration. The facts stated herein are within my personal knowledge.

2. On March 10, 2026, Defendant Leonel Cantu, Jr. personally telephoned me and left a voicemail on my cellular telephone acknowledging that he had received the summons and complaint in this action.

3. I have preserved the audio recording of that voicemail on my cellular telephone and can produce it to the Court upon request.

4. At no point during the voicemail did Defendant Cantu indicate any confusion about the nature of the documents he received or the identity of the action to which they pertained.

19

Civil Action No. 7:26-cv-00100

5. Defendant Cantu did not file an answer or any responsive pleading within twenty-one days of March 10, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___May 6___, 2026.

_____

Angel Adalberto Alanis, Jr.

1107 N. Bethel Street

Roma, TX 78584

(956) 379-8874

*Plaintiff Pro Se*

20